## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STANLEY R. JONES, | ) | |
| Pro Se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-408-M |
| | ) | |
| DEE RAY, individually and as Court | ) | |
| Clerk of Canadian County, Oklahoma, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are defendant Dee Ray's Motion to Dismiss, defendant Marie Ramsey's

Motion to Dismiss, and defendant Board of County Commissioners' Motion to Dismiss. These

motions have been fully briefed and are ripe for determination. Based upon the parties' submissions,

the Court makes its determination.

**I.**      **Introduction**

On April 11, 2005, plaintiff filed the instant action against defendant Dee Ray, the Court

Clerk of Canadian County, Oklahoma. Plaintiff's Complaint alleges, in pertinent part:

> I, Stanley Ray Jones, father of defendant, entered the Court Clerk of
> Canadian County office to deliver and file a signed pro se Motion to
> Withdrawal [sic] of Guilty Plea of Brandon C. Jones criminal case
> etc. of August 11, 2003. I was not allowed to file his signed motion
> because it was handwritten on this yellow legal pad paper. Ms. Court
> Clerk Dee Ray informed me of Rule No. 10A.
>
>                    *                    *                    *
>
> Plaintiffs alleged [sic] that this is a violation of his civil rights under
> 42 U.S. § 1983 (and other civil rights statutes including the
> Fourteenth Amendment.) By not accepting the motion to withdrawal
> [sic] from claimant it [sic] derivatively to the rights of Brandon C.
> Jones.

Complaint [docket no. 1].

On January 30, 2006, plaintiff filed his amended complaint, adding Marie Ramsey and the

Board of County Commissioners as defendants.  In his amended complaint, plaintiff further alleges:

> 2.  That the Plaintiff, individually and as the father of Brandon C. Jones, entered the office of the Court Clerk of Canadian County, Oklahoma, at approximately 4:25 p.m., on August 21, 2003, to deliver and file a motion signed by Brandon C. Jones, *i.e.*, a *pro se* Motion to Withdrawal [sic] the Guilty Plea that he had entered in a Canadian County Criminal Case on August 11, 2003.

> 3.  That the Plaintiff was not allowed to file the signed Motion because, Ms. Ramsey, Deputy Court Clerk stated, "it was handwritten on a yellow legal pad paper."  The Defendant, Dee Ray, and the Additional Defendant, Marie Ramsey, informed me that the reason for that prohibition was Canadian County Local Court Rule No. 10A. Even while I was examining Local Rule 10, however, the said Defendants were turning off the office lights.  I was never informed of any alternative way to file this Motion or to seek exception from the Court.  I was put under the impression that the Clerks were in a hurry to shut down the office, so I picked up my paper work and left.

> 4.  That the Plaintiff alleges that his Civil Rights were violated under the Fifth and Fourteenth Amendments to the U.S. Constitution and Title 42, USC § 1983, because he was deprived of the opportunity by officers of the court of a governmental jurisdiction to file the subject papers vital to the legal standing of his son and, derivatively, to the Plaintiff.

Amended Complaint [docket no. 35].

Defendants now move this Court to dismiss this action based upon plaintiff's lack of

standing.[1]

---

[1]Defendant Dee Ray also moves this Court to dismiss this action based upon plaintiff's failure to appear for his deposition.  Defendants Marie Ramsey and the Board of County Commissioners also move this Court to dismiss this action based upon the applicable statute of limitations.  Because this Court finds that plaintiff lacks standing to bring this action, the Court will not address these additional bases for the motions to dismiss.

II.    Discussion

"A plaintiff has standing when (1) she has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision." *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1229 (10th Cir. 1997) (internal quotations and citation omitted). "Beyond these 'constitutional requirements,' the [Supreme] Court has also adhered to certain prudential principles, including the principle that a plaintiff cannot base his claim to relief on the legal rights of third parties, and the principle that a plaintiff's alleged injury must 'arguably' fall within the zone of interests to be protected or regulated by the statute or Constitutional guarantee in question." *Okla. Hosp. Ass'n v. Okla. Publ'g Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984) (internal quotations and citations omitted).

Having carefully reviewed plaintiff's Complaint, plaintiff's amended complaint, and the parties' submissions, the Court finds that plaintiff does not have standing to bring the instant action. Specifically, the Court finds that plaintiff has not personally suffered any injury as a result of defendants' conduct.[2]  The Court finds that at the time of the incident, plaintiff was simply his son's courier, delivering his son's pro se pleading to the court clerk to be filed in his son's criminal case. Assuming that any injury occurred when plaintiff was not allowed to file his son's motion, the Court finds that such injury would be an injury to plaintiff's son, not to plaintiff.  As set forth above, a plaintiff cannot base his claim to relief on the legal rights of third parties. *Okla. Hosp. Ass'n*, 748

_____

[2]In his response to defendant Dee Ray's motion to dismiss, plaintiff asserts that he suffered monetary injury as a result of the refusal to file his son's motion because he had paid a portion of his son's criminal fines and court costs.  The Court finds that the fact that plaintiff was generous and paid a portion of his son's criminal fines and court costs in the criminal case in which he was trying to file the motion does not give rise to a constitutionally significant injury, if it gives rise to any injury at all, and does not establish the requisite personal injury.

F.2d at 1424; *see also*, *Dohaish v. Tooley*, 670 F.2d 934, 936-37 (10th Cir. 1982) (§ 1983 action is personal suit which does not accrue to relative; "[t]o be sure, as a practical matter, a father is closely related to the son and, thus, he feels the injury to a tremendous extent . . . . However, he does not have a civil right to pursue such an action.").

III.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendant Dee Ray's Motion to Dismiss [docket nos. 38 and 39], GRANTS defendant Marie Ramsey's Motion to Dismiss [docket no. 64], GRANTS defendant Board of County Commissioners' Motion to Dismiss [docket no. 65], and DISMISSES this action.

**IT IS SO ORDERED this 25th day of May, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

4